IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BENNIE RAY JOHNSON, | § | |
| A.K.A. BENNIE JOHNSON, | § | |
| TDCJ-CID # 819383, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0004 |
| | § | |
| NFN CHENEY, Sgt., | § | |
| NFN STANLEY, Officer, | § | |
| UNKNOWN MALE OFFICER, | § | |
| UNKNOWN FEMALE OFFICER, | § | |
| UNKNOWN OFFICER, and | § | |
| NFN GRIMES, Warden, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff BENNIE RAY JOHNSON, a.k.a. BENNIE JOHNSON, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims that, on October 3, 2006, while in a solitary cell, he was ordered by a male guard to strip naked for a cavity search in front of three female officers.  Plaintiff says when he protested, the unknown male officer and Sgt. CHENEY, one of the female officers, threatened him with consequences so he complied.  Plaintiff says two of the female officers were "plastered up against the bars of [his] cell" and that the incident was videotaped by the third female officer.  Plaintiff sues all four of these officers for violating his right to privacy and sues another unknown officer because he feels t he officer must have failed to deliver or process his

grievance about the October 3rd incident. Plaintiff sues defendant Warden GRIMES because he received no response to his notes to GRIMES about the unanswered grievance and because defendant GRIMES is "ultimately responsible for the actions of this administrative and is also the authorized person who addresses grievances . . . ."

Plaintiff requests compensatory, punitive, and exemplary damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**THE LAW AND ANALYSIS**

The Fifth Circuit has held that strip searches in the presence of prison employees of the opposite sex are not unconstitutional. *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992). Plaintiff has alleged no fact which shows he had any legitimate privacy interest in not being observed by the female guards during the challenged strip search. Plaintiff's complaint that his strip search in front of the female guards violated his right to privacy lacks an arguable basis in law and is frivolous.

As to plaintiff's complaint against an UNKNOWN OFFICER based on his non-receipt of any resolution to his Step1 grievance, plaintiff has alleged no fact to show whether the grievance went astray or was not processed and no fact presented by plaintiff supports a claim of anything other than mere negligence, if even that. Plaintiff has utterly failed to stated a claim against defendant UNKNOWN OFFICER.

Lastly, plaintiff's claim against defendant Warden GRIMES is that he failed to satisfactorily investigate and resolve plaintiff's grievance and failed to respond to plaintiff's I-60 requests concerning the grievance. Inasmuch as the result of this grievance had no bearing on the duration of his confinement, plaintiff has no federally protected liberty interest in an inmate grievance procedure. *See, Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

**CONCLUSION**

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff BENNIE

RAY JOHNSON, a.k.a. BENNIE JOHNSON is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this  30th  day of January, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE