
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
_____

| | | |
|---|---|---|
| BENNIE RAY JOHNSON, | § | |
| A.K.A. BENNIE JOHNSON, | § | |
| TDCJ-CID # 819383, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0004 |
| | § | |
| NFN CHENEY, Sgt., | § | |
| NFN STANLEY, Officer, | § | |
| JAMIE BURKHOLDER and | § | |
| KIMBERLY HARLOW, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## TO GRANT DEFENDANTS' MOTION TO DISMISS

Plaintiff BENNIE RAY JOHNSON, also known as BENNIE JOHNSON, acting *pro se*, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*. The instant cause was dismissed by Memorandum Opinion and Order of Dismissal, as well as Judgment, issued January 30, 2007. On March 7, 2007, the Court issued an "Order Granting In Part Plaintiff's 'Motion to Alter or Amend Judgment' and Order Vacating Judgment as to Defendants NFN CHENEY, Sgt.; NFN STANLEY, Officer; UNKNOWN MALE OFFICER; and UNKNOWN FEMALE OFFICER." Defendants UNKNOWN MALE OFFICER and UNKNOWN FEMALE OFFICER were subsequently terminated and defendants BURKHOLDER and HARLOW were substituted.

On August 22, 2007, defendants CHENEY, STANLEY, BURKHOLDER, and HARLOW submitted a Motion to Dismiss arguing a failure to comply with the statutory

requirement that administrative remedies be exhausted by the prisoner/plaintiff before filing suit in federal court. Plaintiff filed his response on September 4, 2007.

## DEFENDANT'S RULE 12(c) MOTION TO DISMISS

Defendants argue that, by his own pleading, plaintiff admits he has not properly exhausted his administrative remedies and, therefore, the Court should give effect to subsection 1997e(a) of Title 42 by dismissing plaintiff's claims without prejudice until such time as he has done so.

## STANDARD OF REVIEW

The same standard applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim is applicable to a Rule 12(c) motion for judgment on the pleadings. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan, Stanley, Dean, Witter, & Co.*, 313 F3d 305, 312 (5th Cir. 2002). The Court must consider all of plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id*. The belief that a plaintiff is unlikely to prevail is not sufficient to support dismissal. *Scheuer v. Rhodes*, 416 U.S. 232, 2326 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## THE LAW AND ANALYSIS

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v.*

*Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). The PLRA exhaustion requirement requires proper exhaustion in compliance with an agency's deadlines and other critical procedural rules and a failure in this regard prevents a prisoner/plaintiff from filing suit. *Woodford v. Ngo*, 584 U.S. 81, 126 S.Ct. 2378, 2382-83, 65 L.Ed.2d 368 (2006). Exhaustion is not left to the discretion of the district court, but is mandatory. *Id*.

Plaintiff responds that he filed a Step 1 grievance on the incident underlying his claims in this suit, but it was not returned by prison officials. He argues it would be futile to attempt to file a Step 2 grievance because prison regulations require that a copy of the Step 1 grievance be attached to it and points out that he submitted a Step 1 and Step 2 grievance on the issue of the missing grievance. Thus, plaintiff argues, he has "twice attempted to exhaust and remedy the grievance issue." Further, plaintiff contends, the Court has already examined this issue, was aware of it at the inception of this cause, and should not now re-examine it further absent instruction by a higher court after review on appeal.

The issue of whether plaintiff had complied with the statutory requirement of exhaustion of administrative grievances formed no part of the earlier dismissal of this case or the determination to vacate such dismissal as to defendants CHENEY, STANLEY, BURKHOLDER and HARLOW. Instead, on the authority of *Moore v. Carwell*, 168 F.3d 234 (5th Cir. 1999), the Memorandum Opinion and Order of Dismissal was vacated because the Court was persuaded by plaintiff's argument, in his February 13, 2007, motion to alter or amend judgment, that he had presented factual allegations which might indicate the viewing of his search by female officers could have violated his limited Fourth Amendment protections.

In the wake of *Jones v. Bock*, ___ U.S. ____, 127 S.Ct. 910, 166 L.Ed.2d 798, (2007)

courts generally treat the exhaustion of administrative remedies as an affirmative defense, to be raised by the defendant(s) after answer rather than as an element of plaintiff's claim. This Court has not yet opined concerning whether plaintiff fulfilled the statutory requirement that he exhaust administrative remedies before bringing suit in federal court, and that issue is properly and timely raised by defendants' motion to dismiss.

The Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), requires a prisoner to pursue his administrative remedies under a two-step grievance procedure utilized in the prison system. Step 1 requires the prisoner to submit an administrative grievance at the institutional level which is investigated, triggering preparation of a report by the unit grievance investigator, including a recommendation which is directed to the final decision maker for Step 1. Step 2 allows the prisoner to submit an appeal to the division grievance investigation within the TDCJ-CID. After an investigation, the department grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 1 of the grievance process. Absent any extensions, the grievance process takes about ninety days from beginning to exhaustion. Prisoners have fifteen calendar days in which to file the Step 1 grievance; the response is due in forty days after receipt of the grievance; a Step 2 appeal is due within ten days; and the response to the appeal is due within forty days after receipt of the appeal. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998).

Plaintiff has acknowledged in his pleadings and in his September 4, 2007 response to the defendants' motion to dismiss that he filed only a Step 1 grievance on the incident giving rise to the claims he asserts in this suit. Plaintiff argues he should be excused from going forward with his grievance because he received no response. The failure of prison officials to respond to a

grievance does not constitute a valid excuse for failure to exhaust administrative remedies. *See Jefferson v. Loftin*, 2005 WL 4541891 at *5 (N.D.Tex. March 16, 2005)(rejecting identical argument); *Gonzales v. Basse*, 2004 WL 2297346 at *3 (N.D.Tex. Oct. 13, 2004)(finding failure to exhaust where plaintiff stated he received no response to his Step 1 grievance but failed to indicate whether he followed up with another Step 1 or a Step 2 reasserting the grievance and informing officials of his missing Step 1 grievance); *Womack v. Simpson*, 2004 WL 2070953, at *2 (N.D.Tex. Sept. 15, 2004)(Sanderson, M.J.)(rejecting plaintiff's excuse that he failed to file Step 2 grievance because he did not receive a response to his Step 1 grievance, treating the excuse as a challenge to the adequacy of the TDCJ prison grievance process and determining that Fifth Circuit caselaw does not authorize such an inquiry); *Saylors v. Ross*, 2003 WL 21449279, at *3 (N.D.Tex. April1, 2003)(Robinson, J.)(finding failure to exhaust where plaintiff explained copies of Step 2 grievances unavailable because he never heard back after filing a Step 1 grievance and plaintiff failed to state any other attempts to exhaust such as submitting an other Step 1 grievance).

Plaintiff's argument that he submitted a Step 1 and a Step 2 grievance no. 2007072510[1] concerning the missing Step 1 grievance on the challenged search is unavailing. Grievance no. 2007072510 focused on the issue of a failure to process and return plaintiff's Step 1 grievances; it did not trigger any review of the search, but only of the issue of missing grievances. Moreover, even if grievance no. 2007072510 were an adequate substitute for the missing grievance challenging the search, Step 2 of that grievance was not even submitted until January 23, 2007, at least two weeks after filing of this lawsuit.

---

[1] Plaintiff attached a copy of the Step 2 grievance no. 2007072510 to his September 4, 2007 response to defendants' motion to dismiss.

Accordingly, plaintiff has failed to exhaust his administrative remedies before filing the instant suit.

## CONCLUSION

It is the opinion of the Magistrate Judge and RECOMMENDATION to the United States District Judge that plaintiff's claims against defendants NFN CHENEY, Sgt., NFN STANLEY, Officer, JAMIE BURKHOLDER and KIMBERLY HARLOW be DISMISSED WITHOUT PREJUDICE UNTIL SUCH TIME AS HE HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 8th day of February, 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R.

Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).